IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM STEPHENSON,** | : | |
| Plaintiff, | : | Civil Action 2:10-cv-609 |
| v. | : | Judge Gregory L. Frost |
| **STATE OF OHIO,** | : | Magistrate Judge E.A. Preston Deavers |
| Defendant. | : | |

### REPORT AND RECOMMENDATION

Plaintiff asks that he be granted leave to proceed *in forma pauperis*. Plaintiff's motion, Doc. No. 1, is **GRANTED**. However, it is **RECOMMENDED** that the action be dismissed as frivolous under 28 U.S.C. §1915(e)(2).[1]

A complaint is frivolous if the plaintiff fails to present a claim with "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on

---

[1] 28 U.S.C. § 1915(e)(2) provides as follows:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

  (i) is frivolous or malicious;

  (ii) fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

"fantastic or delusional" allegations. *Id*. at 327-28. The Court must determine whether plaintiff's complaint makes an arguable legal claim and is based on rational facts. *See Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

Plaintiff's complaint names the State of Ohio as a defendant. Plaintiff asserts that the State of Ohio is subjecting him to non-consensual military research testing including "nanotechnology" and aerosol technology," and embedded antennae into various locations in his body from which he apparently asserts radio signals are being transmitted through implants. Plaintiff maintains that he is rendered helpless and "at the Mercy of his violators in which they would find/locate the plaintiff via radio frequency transmission indenture into his residence . . . in subject him to research and test against him will and consent." (Complaint, at p. 3.) Plaintiff seeks $25 million in damages for claims involving false imprisonment, violations of due process, intentional infliction of emotional distress. (*Id*. at pp.6-9.)

This Court includes that plaintiff's complaint is frivolous because it lacks an arguable basis in law or fact. *See Neitzke*, 490 U.S. 319. It is therefore **RECOMMENDED** that this action be dismissed as frivolous.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


**DATE: July 23, 2010**              /s/ *Elizabeth A. Preston Deavers*
                                     **ELIZABETH A. PRESTON DEAVERS**
                                     **UNITED STATES MAGISTRATE JUDGE**